UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No: 5:15-cv-512-Oc-30PRL

6.87 ACRES OF LAND, MORE OR
LESS, LOCATED IN LAKE COUNTY,
STATE OF FLORIDA; SPRING
CREEK RUN, LLC; BOB McKEE,
TAX COLLECTOR, LAKE COUNTY,
FLORIDA,

    Defendants.
_____/

## ORDER FOR REVESTMENT

THIS CAUSE comes before the Court upon Plaintiff's Second Amended Consent Motion for Order for Revestment (Doc. 20). In support of the motion, the parties filed a stipulation for revestment (Doc. 7). The Court, having considered the stipulation and consent motion, and being otherwise fully advised in the premises, concludes that the motion should be granted.

On October 1, 2015, Plaintiff commenced this action for the purpose of acquiring by eminent domain certain land as described in the complaint in condemnation and declaration of taking. (Docs. 1-2). Under 40 U.S.C. § 3114, by filing the declaration of taking and depositing $151,000.00 into the registry of the Court as just compensation for

the taking, title to such land, to the extent described in the declaration of taking, vested in Plaintiff on October 7, 2015. (Docs. 2, 5).

The parties have determined that Spring Creek Run, LLC, as owner of the taken property, is entitled to revestment of certain rights, title, and interest in the land taken. (Doc. 7). Therefore, the parties have agreed to revestment of any and all interests described in the complaint in condemnation (Doc. 1) and the declaration of taking (Doc. 2) *nunc pro tunc* to the date of the taking, October 7, 2015.[1] Plaintiff shall file an amended complaint in condemnation with a corrected description of the property interests to be taken. The parties consent to the entry of an order effectuating revestment of these interests.

Accordingly, upon due consideration, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Second Amended Consent Motion for Order for Revestment (Doc. 20) is GRANTED.

2. Any and all of the interests described in the complaint in condemnation (Doc. 1) and declaration of taking (Doc. 2) are revested *nunc pro tunc* to the original date of taking, October 7, 2015.

3. When Plaintiff files its amended complaint in condemnation, the interests described in the amended complaint in condemnation shall be deemed taken *nunc pro tunc* to the original date of taking, October 7, 2015.

---

[1] The consent motion states that the taking occurred on October 1, 2015, when Plaintiff filed its complaint in condemnation. (Doc. 20). Pursuant to 40 U.S.C. § 3114(b), however, title did not vest in Plaintiff until the amount of compensation described in the declaration of taking was deposited with the Court. The United States deposited $151,000.00 as just compensation with the Court on October 7, 2015. (Doc. 5). Thus, the taking occurred October 7, 2015, not October 1, 2015. *See N. Natural Gas Co. v. Approximately 9117 Acres*, No. 10-1232-DWB-MLB, 2013 WL 3328773, at *5 (D. Kan. July 2, 2013).

4.  Defendant Spring Creek Run, LLC waives any and all compensation for the taking of the revested interests and for Plaintiff's use of that portion and interest in the land, title to which is revested by this Order, including all damages, attorney's fees, and costs arising from the taking of the revested interests.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of November, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record