# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No:  5:15-cv-512-Oc-30PRL

6.87 ACRES OF LAND, MORE OR
LESS, LOCATED IN LAKE COUNTY,
STATE OF FLORIDA; SPRING CREEK
RUN, LLC; BOB MCKEE, TAX
COLLECTOR, LAKE COUNTY,
FLORIDA,

    Defendants.
_____/

## **AMENDED FINAL STIPULATED JUDGMENT**[1]

THIS CAUSE comes before the Court upon the parties' Joint Motion for Stipulated Judgment (Dkt. 26).

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. The parties' Joint Motion for Stipulated Judgment (Dkt. 26) is GRANTED.

2. The full just compensation payable by the United States for the taking of the property interests identified in the complaint and declaration of taking filed herein, as amended, together with all improvements thereon and appurtenances thereunto belonging,

---

[1] This judgment was amended only to the extent that the Clerk is directed to release any interest earned on the monies deposited in the registry of the Court to the Trust Account of Gaylord Merlin Ludovici & Diaz, as attorneys for Spring Creek Run, LLC, care of S. Cary Gaylord, Esquire, Gaylord Merlin Ludovici & Diaz, 5001 W. Cypress Street, Tampa, Florida 33607-3803.

shall be the sum of One Hundred Fifty-One Thousand Dollars and zero cents ($151,000.00).

3. Judgment shall be and hereby is entered against the United States of America in the total amount of One Hundred Fifty-One Thousand Dollars and zero cents ($151,000.00) for all interests taken in this action, as amended.

4. Contemporaneously with the filing of this action the United States deposited the amount of One Hundred Fifty-One Thousand Dollars and zero cents ($151,000.00) into the registry of this Court (Dkt. 4 and 5). At that time, title to the property, to the extent set forth in the Declaration of Taking, vested in the United States by operation of law. Subsequently, the parties stipulated to the revestment of certain interests in land, and those interests were revested *nunc pro tunc* to the original date of taking, and the United States, with the consent of Defendant, filed an amended complaint in condemnation reflecting the revestment (Dkts. 20, 22, 23).

5. The said sum of One Hundred Fifty-One Thousand Dollars and zero cents ($151,000.00) shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the said estates in lands and all appurtenances thereunto belonging, including any interest.

6. The said sum of One Hundred Fifty-One Thousand Dollars and zero cents ($151,000.00) shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the said property at the time of vesting of title thereto in the United States of America, and all such liens, encumbrances and charges of whatsoever nature shall be

payable and deductible from the said sum.  Defendant has satisfied all obligations to the Lake County Tax Collector, and the Lake County Tax Collector has disclaimed all interest in the subject property, provided that the parties' stipulated judgment is approved by the Court prior to December 31, 2015.  See Dkt. 24.

    7.  The Clerk of this Court shall disburse the just compensation of One Hundred Fifty-One Thousand Dollars and zero cents ($151,000.00) and any interest earned thereon to the Trust Account of Gaylord Merlin Ludovici & Diaz, as attorneys for Spring Creek Run, LLC, care of S. Cary Gaylord, Esquire, Gaylord Merlin Ludovici & Diaz, 5001 W. Cypress Street, Tampa, Florida 33607-3803.

    8.  Defendant has warranted that it was the sole owner of the subject property at the date of the taking, and that it has the exclusive right to the compensation herein, excepting the interests of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, and that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

    9.  In the event that any other party is ultimately determined by a Court of competent jurisdiction to have any right to receive compensation for the property taken in this case, defendant shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116, from the date of receipt of the deposit by defendant to the date of repayment into the registry of the Court.

10. Defendant shall save and hold harmless the United States of America from all claims or liability resulting from any unrecorded leases or agreements affecting the subject property on the date of taking.

11. Parties shall be responsible for their own legal fees, costs and expenses (including attorneys' fees, consultants' and experts' fees, and any other expenses).

12. The signatory parties hereto will take no appeal from any ruling or judgments made by this Court in this action.

13. The Clerk is directed to terminate all pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of December, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record